UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-CV-20042-DAMIAN/D'ANGELO

REBECCA RAMIREZ,   JURY TRIAL DEMANDED

    Plaintiff,

vs.

BISTECCA & POMODORO LLC D/B/A
THE DORAL STEAKHOUSE and
HORACIO DE GRAZIA,

    Defendants.
_____/

## DEFENDANT BISTECCA & POMODORO LLC D/B/A THE DORAL STEAKHOUSE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, BISTECCA & POMODORO LLC D/B/A THE DORAL STEAKHOUSE (the "Doral Steakhouse"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, REBECCA RAMIREZ's ("Ramirez or "Plaintiff") Complaint, and states as follows:

### *Overview*

1.    Doral Steakhouse admits that Plaintiff seeks to bring claims for herself and other similarly situated front-of-the-house employees at The Doral Steakhouse, but denies that Plaintiff's claims have merit, that she is entitled to collective certification, or that she or anyone in the putative collective is entitled to any relief whatsoever.

### *Parties*

2.    Doral Steakhouse admits that Plaintiff is over 18 years old but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, denied.

4. Admitted as to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

5. Doral Steakhouse admits only that it employed Plaintiff from November 1, 2022 to December 26, 2023 as a bartender and server (at different times), both of which are tipped, front-of-the-house positions. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

6. Denied.

7. Admitted as to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

8. Doral Steakhouse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

9. Admitted.

10. Denied.

11. Doral Steakhouse admits that it was the direct employer of similarly situated front-of-the-house tipped employees who worked at The Doral Steakhouse. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

12. Doral Steakhouse admits that it maintained control, oversight and direction over the employment of Plaintiff and the other front-of-the-house tipped employees who worked at The Doral Steakhouse. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Doral Steakhouse admits that it regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, making Doral Steakhouse an enterprise covered under the Fair Labor Standards Act. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

### *Jurisdiction and Venue*

14. Doral Steakhouse admits the allegations in Paragraph 14 relating to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

15. Doral Steakhouse admits the allegations in Paragraph 15 relating to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

16. Doral Steakhouse admits the allegations in Paragraph 16 of the Complaint relating to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

17. Doral Steakhouse admits the allegations in Paragraph 17 relating to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Doral Steakhouse admits the allegations in Paragraph 18 relating to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

19. Doral Steakhouse admits the allegations in Paragraph 19 relating to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

20. Doral Steakhouse admits the allegations in Paragraph 20 relating to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

21. Doral Steakhouse admits the allegations in Paragraph 21 relating to Doral Steakhouse only. Doral Steakhouse denies all remaining and contrary allegations in this Paragraph.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph are vague, ambiguous, and unintelligible, and therefore, Doral Steakhouse denies the allegations in this Paragraph.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph are vague, ambiguous, and unintelligible, and therefore, Doral Steakhouse denies the allegations in this Paragraph.

24. Admitted.

25. Doral Steakhouse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

26. Denied.

*Satisfaction of Conditions Precedent.*

27. Admitted.

### COUNT I
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
(IMPROPER TIP DISTRIBUTION)

*The Law Regarding the Distribution of Tips*

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Doral Steakhouse admits only that 29 U.S.C. § 203(m)(2)(B) speaks for itself and denies any allegations in this Paragraph contrary thereto or inconsistent therewith.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Doral Steakhouse admits only that 29 U.S.C. § 216 speaks for itself and denies any allegations in this Paragraph contrary thereto or inconsistent therewith.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Doral Steakhouse admits only that the Fair Labor Standards Act speaks for itself and denies any allegations in this Paragraph contrary thereto or inconsistent therewith.

### *Collective Action Allegations.*

31. Admitted.

32. Doral Steakhouse admits that Plaintiff seeks to bring this action as a collective action on behalf of herself and all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and further admits that this Paragraph defines the Collective that Plaintiff seeks to represent as stated in Paragraph 32, but Doral Steakhouse denies that Plaintiff is entitled to Collective certification or that Plaintiff or any similarly situated individual is entitled to any relief whatsoever.

33. Doral Steakhouse admits that Plaintiff labeled those individuals in her putative Collective defined in Paragraph 32 as the "Collective" but denies that Plaintiff is entitled to Collective certification or that Plaintiff or any similarly situated individual is entitled to any relief whatsoever.

34. Doral Steakhouse admits that Plaintiff seeks to bring this action on behalf of herself and all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and further admits that Paragraph 32 of her Complaint defined the Collective that Plaintiff seeks to represent, but Doral Steakhouse denies that that Plaintiff is entitled to Collective certification or that Plaintiff or any

other individual is entitled to any relief whatsoever. Doral Steakhouse denies any remaining or contrary allegations in this paragraph.

35. Denied.

36. Doral Steakhouse admits that Plaintiff seeks to bring a collective action on behalf of similarly situated workers including current and former tipped employees who worked for Defendants, but Doral Steakhouse denies that Plaintiff is entitled to Collective certification or that Plaintiff or any other individual is entitled to any relief whatsoever.

37. Doral Steakhouse admits that Plaintiff seeks to bring this action on behalf of herself and similarly situated workers including current and former front-of-the-house tipped employees who worked for Defendants but to whom Defendants did not distribute all the tips and overtips they earned, but Doral Steakhouse denies that Defendants failed to lawfully distribute all tips and overtips earned by Doral Steakhouse's employees, that Plaintiff is entitled to Collective certification, or that Plaintiff or any other individual is entitled to any relief whatsoever.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### *Background Facts*

42. Doral Steakhouse admits only that its customers were permitted to leave discretionary gratuities. Doral Steakhouse denies any remaining or contrary allegations in this Paragraph.

43. Doral Steakhouse lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Doral Steakhouse's customers' intentions and therefore

denies such allegations contained in this Paragraph. Doral Steakhouse admits that its customers often leave tips. Doral Steakhouse further denies any remaining or contrary allegations contained in this Paragraph.

44. Denied.

45. Denied.

46. Doral Steakhouse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COUNT I$_A$**
**VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT**
**(AGAINST BISTECCA & POMODORO LLC)**

Doral Steakhouse realleges and reincorporates its responses to the preceding paragraphs as if fully set forth herein.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT I<sub>B</sub>
## VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT
## (AGAINST HORACIO DE GRAZIA)

Doral Steakhouse reincorporates and realleges his responses to Paragraphs 1 through 46 as if fully set forth herein:

55. The allegations in Paragraph 55 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

56. The allegations in Paragraph 56 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

57. The allegations in Paragraph 57 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

58. The allegations in Paragraph 58 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

59. The allegations in Paragraph 59 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any

of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

60. The allegations in Paragraph 60 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

61. The allegations in Paragraph 61 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

62. The allegations in Paragraph 62 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

63. The allegations in Paragraph 63 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

64. The allegations in Paragraph 64 relating to Count Ib are not directed at Doral Steakhouse, and therefore an answer by Doral Steakhouse is not required. To the extent that any of the allegations contained in these paragraphs are deemed to be directed at Doral Steakhouse, Doral Steakhouse denies such allegations.

## COUNT I
## PRAYER FOR RELIEF

65. Denied.

### AFFIRMATIVE DEFENSES

Doral Steakhouse, by and through its undersigned counsel, hereby states as follows for its Affirmative Defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, because Doral Steakhouse acted pursuant to a good faith belief that its pay practices are in conformity with federal wage laws and/or in reliance on administrative regulations, orders, rulings, or interpretations of the Department of Labor.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, because any alleged violation, which Doral Steakhouse denies occurred, was not intentional, knowing or willful and would have resulted from excusable error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, because Doral Steakhouse is entitled to all just and lawful offsets, set offs, and credits against damages (if any) to which Plaintiff and any allegedly similarly situated individuals may be entitled.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole, or in part, by the doctrine of unclean hands due to her misrepresentations and omissions to obtain employment, and continuing employment, with Doral Steakhouse.

WHEREFORE, BISTECCA & POMODORO LLC D/B/A THE DORAL STEAKHOUSE, respectfully requests that this Court enter an order as follows:

(a) Entering judgment in favor of Defendants on Plaintiff's Complaint in its entirety;

(b) Denying Plaintiff's request for relief in its entirety; and

(c) Granting Doral Steakhouse such other and further relief as this Court should deem appropriate under the circumstances.

Respectfully submitted,

By: /s/ *Jillian C. Postal*
**Jillian C. Postal**
Florida Bar No. 1011576
**SAUL EWING LLP**
701 Brickell Avenue, 17th Floor
Miami, Florida 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
E-mail address:
jillian.postal@saul.com;
cindy.carhartt@saul.com;
mia-ctdocs@saul.com

**Alexander L. Reich (*Pro Hac Vice*)**
**SAUL EWING LLP**
161 N. Clark Street
Suite 4200
Chicago, Illinois 60601
Telephone: (312) 876-6925
Alexander.reich@saul.com

*Counsel for Defendant Bistecca & Pomodoro LLC d/b/a The Doral Steakhouse*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2025 the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jillian C. Postal*
Jillian C. Postal