UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-20042-DAMIAN/D'ANGELO

REBECCA RAMIREZ,

    Plaintiff,

vs.

BISTECCA & POMODORO LLC D/B/A
THE DORAL STEAKHOUSE AND
HORACIO DE GRAZIA,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
## TO FILE STATEMENT OF CLAIM

Plaintiff, Rebecca Ramirez, requests that the Court extend the deadline to file her Statement of Claim required by this Court in the Order on Court Practice in FLSA Cases at ECF No. 7 based on the following good cause:

### *Introduction*

1.    Plaintiff filed this case against her former employers to recover the tips she and others similarly situated earned and should have received but did not because the Defendants either retained a portion of the tips or distributed them to employees who were not entitled to receive tips. [ECF No. 1.]

2.    In 29 U.S.C. §203(m)(2)(B), the FLSA provides that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

3. Plaintiff does not have records identifying the tips left by Plaintiff's customers for each shift she worked, the daily total tips left by customers for the shift she worked, how much Defendants collected in tips each shift Plaintiff worked, to whom Defendants distributed those tips, and the amount of tips distributed to Plaintiff and the names, positions, and amount of tips it distributed to all others receiving a share of the tips collected from the shifts she worked.

4. Defendants, on the other hand, were required to make and maintain records identifying their employees at the restaurant, their positions, the days and hours (shifts) worked by each, the tips left by Defendants' customers, and when, how, and to whom Defendants distributed the tips left by customers. 29 U.S.C. §211(c); 29 C.F.R. §§516.2 and 516.28.

5. Therefore, Defendants should have the relevant records from which Plaintiff would be able to calculate the amount she is claiming in tips owed to her under 29 U.S.C. §203(m)(2)(B).

6. Defense counsel contacted the undersigned after Defendant, Bistecca & Pomodoro, LLC d/b/a The Doral Steakhouse, was served with the Summons and Complaint to discuss the case, the documents at issue, and the potential for resolution.

7. During that conversation, the undersigned asked defense counsel if Defendant would produce the records in its possession identifying their employees at the restaurant, their positions, the days and hours (shifts) worked by each, the tips left by the customers who Plaintiff services, the tips left by Defendants' customers, and when, how, and to whom Defendants distributed the tips left by customers so that Plaintiff could attempt to calculate tips due to her accurately.

8. Meanwhile, the Court entered its Order requiring that the Plaintiff file a Statement of Claim. [ECF No. 7.]

9. Defense counsel responded by email that it would not agree to provide the time, pay, and tip records before the Plaintiff filed her Statement of Claim.

10. Undersigned counsel is familiar with this Court's practice of requiring the plaintiff in an FLSA case such as this one to file a Statement of Claim at the outset of the litigation so that the parties can evaluate the value of the claims asserted early in the case to determine whether to resolve the case before protracted litigation and the attendant attorney's fees make resolution more difficult.

11. While mindful of the purpose of the Court's FLSA Order and the requirement that she file a Statement of Claim, Plaintiff requests some additional time to comply.

12. The additional time is requested so that the Court can require Defendant to provide Plaintiff with records of the tips left by Plaintiff's customers for each shift she worked, the daily total tips left by customers for the shift she worked, how much Defendants collected in tips each shift Plaintiff worked, to whom Defendants distributed those tips, and the amount of tips distributed to Plaintiff and the names, positions, and amount of tips it distributed to all others receiving a share of the tips collected from the shifts she worked for the three (3) years immediately preceding this lawsuit so that Plaintiff can prepare her Statement of Claim more accurately.

13. The idea behind this Motion is not delay but efficiency: preparing an accurate Statement of Claim based upon existing time, tip, and tip distribution records, instead of simply estimating the same, will better enable the parties to evaluate the claims and defenses and formulate their strategies.

14. Plaintiff brings this motion before the deadline for filing the Statement of Claim established by the Court at ECF No. 7.

### *The Law*

15. Rule 1 of the Federal Rules of Civil Procedure directs that the Rules "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding."

16. Plaintiff submits that granting the requested enlargement of time will serve the interests of justice and will further comport with the spirit of the Federal Rules of Civil Procedure as embodied in Rule 1.

17. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

18. This Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

19. Given that a Statement of Claim is "an extra-Rules practice used by the district court for its convenience and to aid in case management," *Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014), there can be no prejudice to Defendant and there will be no delay in this Court's case management as a result of granting the brief extension requested herein and the concomitant requirement for Defendant to produce the records requested herein.

20. Moreover, the FLSA required Defendants to make and maintain the records at issue herein for the exact reason they have been requested – to ensure Plaintiff was paid all wages (and tips) owed to her and allow the parties to calculate any discrepancy to determine what she is owed if not. *See* 29 U.S.C. §211(c); 29 C.F.R. §§516.2 and 516.28.

## *The Relief Requested*

21. Plaintiff submits that it would be more efficient for her to calculate and then file the required Statement of Claim after receipt of the based upon existing time, tip, and tip distribution records from Defendant since Plaintiff will thereafter be able to more accurately prepare a statement of her damages based on the actual tip and tip distribution records.

22. The alternative, of course, would be for Plaintiff to estimate the claimed FLSA damages in the Statement of Claim and then file an Amended Statement of Claim after she obtained the tip and tip distribution records, which would only complicate and delay these proceedings and result in the otherwise unnecessary expenditure of time, effort, and expense.

23. Consequently, Plaintiff requests that the Court require Defendant to produce to her within 10 days the tips left by Plaintiff's customers for each shift she worked, the daily total tips left by customers for the shift she worked, how much Defendants collected in tips each shift Plaintiff worked, to whom Defendants distributed those tips, and the amount of tips distributed to Plaintiff and the names, positions, and amount of tips it distributed to all others receiving a share of the tips collected from the shifts she worked during the three years before this lawsuit was filed and to grant her an extension of time so that her Statement of Claim is due within 14 days after Defendant provides her with the required records.

24. Plaintiff contacted defense counsel, who <u>did not</u> agree to the relief requested herein.

WHEREFORE Plaintiff, Rebecca Ramirez, requests that the Court enter an Order requiring Defendant, Bistecca & Pomodoro, LLC d/b/a The Doral Steakhouse, to produce to her the tips left by Plaintiff's customers for each shift she worked, the daily total tips left by customers for the shift she worked, how much Defendants collected in tips each shift Plaintiff worked, to

whom Defendants distributed those tips, and the amount of tips distributed to Plaintiff and the names, positions, and amount of tips it distributed to all others receiving a share of the tips collected from the shifts she worked (during the 3 years prior to the filing of this lawsuit) and extending the deadline for her to file her Statement of Claim so it is due within fourteen days after Defendant produces the documents identified herein in light of the good cause shown above.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that Defendant did not agree to the relief requested above.

Dated this 23rd day of January 2025.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
