UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-CV-20042-DAMIAN/D'ANGELO

REBECCA RAMIREZ,                                             JURY TRIAL DEMANDED

    Plaintiff,

vs.

BISTECCA & POMODORO LLC D/B/A
THE DORAL STEAKHOUSE and
HORACIO DE GRAZIA,

    Defendants.
_____/

**DEFENDANT BISTECCA & POMODORO LLC D/B/A THE DORAL STEAKHOUSE'S RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

Defendant, BISTECCA & POMODORO LLC D/B/A THE DORAL STEAKHOUSE ("Doral"), by and through its undersigned counsel, for its Response to Plaintiff's Motion for Enlargement of Time to File Statement of Claim (Doc. # 12), states as follows:

Plaintiff Rebecca Ramirez ("Plaintiff") filed her Complaint on November 5, 2024 in state court, alleging violations of the Fair Labor Standards Act (FLSA). Doc. # 1 at Ex. A. Specifically, she alleges that Defendants operated an unlawful tip pool, because they supposedly retained 5% of the tip pool. *Id*. She further alleges that her damages "are reasonably estimated to exceed $75,000." *Id*. at ¶ 26.

On January 6, 2025, Doral removed the case to federal court. Doc. #1. On January 10, 2025, the Court entered its Order On Court Practice In FLSA Cases (the "FLSA Order"). Doc. # 7. In the FLSA Order, the Court advised Plaintiff that it requires certain information in a complaint filed under the FLSA, including the following: (a) an initial estimate of the total amount of alleged

unpaid wages; (b) a preliminary calculation of such wages; (c) the approximate period during which the alleged FLSA violations occurred; and (d) the nature of the wages (e.g., overtime or straight time). *Id*. The Court instructed Plaintiff to amend her Complaint if it did not include these specifics. *Id*. The Court also set deadlines for Plaintiff to file a Statement of Claim and for Defendants to respond. *Id*.

On January 23, 2025, Plaintiff filed her Motion for Enlargement of Time to File a Statement of Claim (the "MET"). Doc. # 12. Despite having already stated in her Complaint that her damages "are reasonably estimated to exceed $75,000" (Doc. # 1 at Ex. A, ¶ 26), in her MET, Plaintiff attempts to flip the burden onto Defendants, by claiming she cannot estimate her damages and comply with the Court's FLSA Order without additional records. Her argument should be rejected out of hand.

There is no basis to "require" Defendant to produce broad collective discovery relating to both Plaintiff and similarly situated employees, as she requests in Paragraph 12 of her MET, at this stage of the litigation, when no collective has been certified. Especially because Plaintiff previously waived her right to bring a class or collective action, so tip records relating to *other* employees are not relevant. Doc. # 13 at Sixth Aff. Def.

In her MET, Plaintiff argues that her "counsel is familiar with this Court's practice of requiring the plaintiff in an FLSA case such as this one to file a Statement of Claim at the outset of litigation…" Doc. # 12, ¶ 10. Thus, Plaintiff and her counsel should have known that this information would be required of them and included it in her Complaint in the first instance. Particularly since she has already "estimated" the value of her claim in her Complaint.

Simply put, Plaintiff's MET is an attempt to skirt this Court's FLSA Order and obtain free, Court-mandated discovery, to which she is not entitled. The Court should deny her MET and instruct her to comply with the FLSA Order, just like any other FLSA plaintiff before this Court.

WHEREFORE, BISTECCA & POMODORO LLC D/B/A THE DORAL STEAKHOUSE, respectfully requests that this Court enter an order as follows:

(a) Denying Plaintiff's Motion for Enlargement of Time (Doc. # 12); and

(b) Granting Doral such other and further relief as this Court should deem appropriate under the circumstances.

Respectfully submitted,

By: */s/ Alexander Reich*

**Jillian C. Postal**
Florida Bar No. 1011576
**SAUL EWING LLP**
701 Brickell Avenue, 17th Floor
Miami, Florida 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
E-mail address:
jillian.postal@saul.com
cindy.carhartt@saul.com
mia-ctdocs@saul.com

**Alexander L. Reich (*Pro Hac Vice*)**
**SAUL EWING LLP**
161 N. Clark Street
Suite 4200
Chicago, Illinois 60601
Telephone: (312) 876-6925
Alexander.reich@saul.com

*Counsel for Defendant Bistecca & Pomodoro LLC d/b/a The Doral Steakhouse*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2025 the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Alexander L. Reich*
Alexander L. Reich