UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20042-CIV-DAMIAN/D'Angelo

**REBECCA RAMIREZ**,

    Plaintiff,

v.

**BISTECCA & POMODORO LLC d/b/a
THE DORAL STEAKHOUSE and
HORACIO DE GRAZIA**,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
TO FILE STATEMENT OF CLAIM [ECF NO. 12]**

**THIS CAUSE** is before the Court on Plaintiff, Rebecca Ramirez's ("Plaintiff"), Motion for Enlargement of Time to File Statement of Claim [ECF No. 12] ("Motion"), filed January 23, 2025.

THE COURT has reviewed the Motion, Defendant Bistecca & Pomodoro LLC's Response [ECF No. 14], and the pertinent portions of the record and is otherwise fully advised.

In the Motion, Plaintiff requests additional time to comply with this Court's *Order On Court Practice in FLSA Cases* [ECF No. 7] ("FLSA Order"), which directed Plaintiff to file a Statement of Claim[1] by January 29, 2025 setting forth the following information:

---

[1] As noted by the Eleventh Circuit, "[a] statement of claim is a document, not mentioned in the Federal Rules of Civil Procedure, that the United States District Court for the Southern District of Florida uses as a matter of local practice to help its courts classify and manage the many FLSA cases filed there." *Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 809 (11th Cir. 2014).

      a.      An *initial estimate* of the total amount of alleged unpaid wages;
      b.      A *preliminary* calculation of such wages;
      c.      The *approximate* period during which the alleged FLSA violations occurred; and
      d.      The nature of the wages (e.g., overtime or straight time)

FLSA Order at 1 (emphasis added).

Plaintiff indicates that, in order to comply with this Court's FLSA Order, she needs Defendant to provide "records of the tips left by Plaintiff's customers for each shift she worked, the daily total tips left by customers for the shift she worked, how much Defendants collected in tips each shift Plaintiff worked, to whom Defendants distributed those tips, and the amount of tips distributed to Plaintiff and the names, positions, and amount of tips it distributed to all others receiving a share of the tips collected from the shifts she worked for the three (3) years immediately preceding this lawsuit so that Plaintiff can prepare her Statement of Claim more accurately." Therefore, Plaintiff requests that the Court require Defendant to provide the foregoing records.

Defendant Bistecca & Pomodoro LLC d/b/a The Doral Steakhouse opposes the relief requested in the Motion on grounds there is no basis to require Defendant to produce broad collective discovery relating to both Plaintiff and similarly situated employees at this stage of the litigation when no collective action has been certified. This Court agrees. As noted above, the FLSA Order directed Plaintiff to provide an "initial estimate" of the total amount of alleged unpaid wages. The Court does not expect Plaintiff to provide an exact calculation of the alleged unpaid wages or tips at this early stage of the proceeding when the parties have not yet engaged in discovery. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion [**ECF No. 12**] is **DENIED**. Plaintiff shall comply with the requirements of this Court's FLSA Order no later than

**February 18, 2025**. Failure to file a Statement of Claim by February 18, 2025, may result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 11th day of February, 2025.

                                            **MELISSA DAMIAN**
                                            **UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record