UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-CV-20042-DAMIAN/D'ANGELO

REBECCA RAMIREZ,                                       JURY TRIAL DEMANDED

    Plaintiff,
vs.

BISTECCA & POMODORO LLC D/B/A
THE DORAL STEAKHOUSE and
HORACIO DE GRAZIA,

    Defendants.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants, BISTECCA & POMODORO LLC D/B/A THE DORAL STEAKHOUSE ("Defendant"), by and through its undersigned counsel, hereby files this Response to Plaintiff, REBECCA RAMIREZ's ("Plaintiff") Statement of Claim (Doc. # 17), and in support thereof state as follows:

1. The Response set forth herein is based upon Defendant's current records and information which have been gathered to date. In addition, this Response is based upon Defendant's counsel's understanding of the facts and the information reviewed to date only. Discovery is ongoing and while Defendant believes this Response is accurate, it does not constitute an affidavit or a binding statement and is subject to the Federal Rules of Evidence and Procedure. Because additional facts may be discovered throughout this litigation, Defendant does not waive any right to present new or additional information at a later date, for substance or clarification. Moreover, by submitting this Response to Statement of Claim, Defendant does not waive, and hereby preserves, any and all substantive and procedural rights that may exist.

2.       On January 10, 2025, this Court entered its Order on Court Practice in FLSA Cases, ordering that Plaintiff submit a Statement of Claim and that Defendant file a Response to her Statement of Claim. Doc. # 7.

3.       On February 18, 2025, Plaintiff served her Statement of Claim, alleging she is owed $3,149.90 in unliquidated unpaid tips. Doc. # 17.

4.       Plaintiff's claim that she is owed unpaid tips is incorrect.

5.       Plaintiff worked for Defendant from November 1, 2022 through December 26, 2023 as a bartender and server.

6.       During her employment, Plaintiff participated in Defendant's tip pool. At the end of each shift, tips were pooled and distributed as follows: 70% to the servers, 2.5% to hosts, 10% to the runners, 15% to the bartenders, and 2.5% to pay for credit card processing fees.

7.       All members of the tip pool received at least the full minimum wage (as opposed to the trip credit wage) for all hours worked.

8.       Manager were not included and Defendant did not retain any portion of the tip pool.

9.       Whenever a shift was not fully staffed (ie, there was no host working for a particular shift), that portion of the tip pool was given to the server. For example, if no host was working, the 2.5% that would have otherwise gone to the host was given back to the server.

10.      The tip pool complied with all applicable regulations under the FLSA.

11.      Accordingly, Plaintiff is not entitled to any additional compensation.

12.      Defendant will produce to Plaintiff copies of all supporting documents within its custody, possession and control.

Respectfully submitted,

By: */s/ Alexander Reich*

    **Jillian C. Postal**
    Florida Bar No. 1011576
    **SAUL EWING LLP**
    701 Brickell Avenue, 17th Floor
    Miami, Florida 33131
    Telephone: (305) 428-4500
    Facsimile: (305) 374-4744
    E-mail address:
    jillian.postal@saul.com;
    cindy.carhartt@saul.com;
    mia-ctdocs@saul.com

    **Alexander L. Reich (*Pro Hac Vice*)**
    **SAUL EWING LLP**
    161 N. Clark Street
    Suite 4200
    Chicago, Illinois 60601
    Telephone: (312) 876-6925
    Alexander.reich@saul.com

    *Counsel for Defendant Bistecca & Pomodoro LLC d/b/a The Doral Steakhouse*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2025 the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Alexander L. Reich*
Alexander L. Reich